Manuel WAFIQ, Petitioner,

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 05–60268.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 6, 2006.

Susan E. Hill, Hill & Piibe, Los Angeles, CA, for Petitioner.

Thomas Ward Hussey, Director, Elizabeth J. Stevens, U.S. Department of Justice, Office of Immigration Litigation, Norah Ascoli Schwarz, U.S. Department of Justice, Civil Division, Immigration Litigation, Washington, DC, E.M. Trominski, District Director, U.S. Immigration & Naturalization Service District Directors Office, Harlingen, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

239

PER CURIAM: *

Manuel Wafiq, a native and citizen of Israel, petitions for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming without opinion the immigration judge's (IJ) denial of Wafiq's motion to reopen as untimely. Wafiq argues that the summary disposition procedure of the BIA violates the Administrative Procedure Act because the procedure "results in arbitrary and capricious decision-making." He also asserts that the IJ improperly relied on evidence outside of the record to refute Wafiq's claim that he did not receive notice of his 1989 hearing.

 This court reviews the denial of a motion to reopen for abuse of discretion. *Zhao v. Gonzales,* 404 F.3d 295, 303–04 (5th Cir.2005). Wafiq does not challenge the IJ's determination that his motion to reopen, which was not filed until July 22, 2004, was untimely. Wafiq's failure to challenge the conclusion that his motion to reopen was time-barred is the same as if he had not appealed that aspect of the BIA's decision. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir.2003). Consequently, he has not shown that the IJ's ruling was an abuse of discretion, much less arbitrary and capricious. Nor has shown that he suffered any prejudice by the IJ's reference to the comments made by Wafiq's former counsel at the 1989 hearing. Accordingly, Wafiq's petition for review is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.